SEVERO y MARÍA CANDELARIA BECERRIL, demandantes y apelados, *v.* JOSÉ RODRÍGUEZ y ADELA RODRÍGUEZ STRONZA, demandados y apelantes.

Núm. 7801.—*Sometido:* Enero 23, 1939. *Resuelto:* Enero 31, 1939.

*José S. Alegría* y *Dubón & Ochoteco,* abogados de los apelantes; *Angel A. Vázquez,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Dictada sentencia en este pleito el 27 de enero de 1938 declarando la demanda con lugar, apelaron los demandados para ante esta Corte Suprema. Radicaron los autos en junio 6, 1938. En agosto 13 siguiente solicitaron treinta días de prórroga para su alegato. Les fueron concedidos. En septiembre 14, repitieron su petición con éxito. La reiteraron en octubre 14 y en noviembre 14. Se accedió en ambas instancias, pero en la última se advirtió a los apelantes que no se accedería a nuevas solicitudes a menos que concurrieran circunstancias realmente meritorias.

Así las cosas, en diciembre 12, 1938, los apelados alegando que los apelantes habían venido dilatando injustificadamente la tramitación del recurso, pidieron a la corte que no les concediera más prórrogas. Por orden de la corte esa moción fué notificada a los apelantes el 14 de diciembre, en cuya fecha los dichos apelantes radicaron una nueva solicitud de prórroga, a la que se accedió en los siguientes términos:

". . . vista la oposición previamente radicada por los demandantes, se concede la prórroga para alegato solicitada, pero solamente hasta el día 31 del corriente mes."

No obstante la advertencia héchales desde noviembre 14, 1938, la oposición de la parte contraria y los términos de la orden de diciembre 19, 1938, de nuevo los apelantes solicitaron en diciembre 30, una prórroga de quince días a partir del 31 para presentar su alegato aduciendo como único fundamento el exceso de trabajo de sus abogados.

La corte declaró sin lugar la solicitud en enero 3, 1939, y en enero 7, los apelados solicitaron la desestimación del recurso por falta de diligencia y de buena fe en su tramitación. El 23 del propio mes de enero se llamó la moción para la vista y ese mismo día los apelantes radicaron una moción oponiéndose acompañada de su alegato. Sostienen que habiéndose éste radicado, de acuerdo con la jurispru-

dencia constante de esta corte no procede porque del alegato resulta que se trata de un recurso meritorio. Como causa para la dilación exponen que los abogados Dubón & Ochoteco no intervinieron en el juicio en la corte *a quo* y tuvieron que estudiar la transcripción después de radicada ésta a los fines de la apelación.

Son disposiciones pertinentes del reglamento de esta corte a los efectos de la debida consideración y resolución de la cuestión envuelta, las que siguen:

"42. Dentro de diez días después de haberse presentado a este Tribunal la copia de los autos, el Letrado defensor del recurrente, presentará al Tribunal un alegato por duplicado, impreso o escrito en maquinilla, que contendrá una relación fiel y concisa de la causa tal como conste en los autos; así como una exposición de los errores en que funda su recurso, y además de esto, cumplirá con la Ley de Enjuiciamiento actualmente en vigor."

"58. Si la copia de los autos, no fuere presentada dentro del término prescrito, puede desestimarse la apelación al hacerse una moción en tal sentido previa notificación de la misma. Si la copia de los autos, ha sido presentada a la fecha en que se haga tal notificación, este hecho constituirá una contestación eficaz a la referida moción, aun en el caso de que dicha copia no se hubiere presentado dentro del término prescrito."

"60. Si el apelante dejare de cumplir cualquiera de los deberes o requisitos que las leyes o estas reglas le impongan, el Tribunal puede desestimar de oficio la apelación en cualquier día o a moción de la parte apelada, previa notifiación al apelante." 17 D.P.R. LXXI, LXXIII y LXXIV.

Firme ha sido siempre el propósito de este Tribunal de que los recursos se resuelvan por sus méritos, pero la rapidez de los procedimientos debe garantizarse y no debe permitirse que una parte dilate voluntariamente en perjuicio de la otra la tramitación de los recursos. De ahí las reglas.

El principio de la regla 58 ha sido extendido a los casos de la falta de presentación de alegatos tan liberalmente que han quedado cubiertos aquellos en que se archivan después de notificada la moción de desestimación, pero a ese extremo

210

se ha llegado cuando no ha mediado una advertencia, una oposición y una negativa como las que aquí existen y cuando los méritos del recurso fueron puestos de relieve en forma clara. Un examen del alegato no lleva a nuestro ánimo el convencimiento de que se trate de una apelación tan meritoria que levante fuertes dudas sobre la justicia de la sentencia apelada.

En cuanto a la circunstancia de que nuevos abogados fueron los que se encargaran de la apelación, bastará decir que esos nuevos abogados figuran como tales desde la primera prórroga solicitada o sea desde agosto 13, 1938, y ya a esa fecha estaba archivada la transcripción que es la que debería servir de base al alegato.

*Siendo ése el caso, debe prosperar la moción de los apelados y en su consecuencia debe desestimarse el recurso.*

El Juez Asociado Sr. De Jesús no intervino.