STATION WNEL CORPORATION, demandante y apelada, *v.* NA-
TIONAL BELLAS HESS STORES, INC., demandada y apelante.

Número 10833.

*Sometido:* 4 de febrero de 1953.   *Resuelto:* 13 de abril de 1953.

*Juan Enrique Géigel, Guillermo Silva* y *Hernán Pesquera,* abogados de la apelante; *Lino J. Saldaña, Luis F. Sánchez Vilella, Celestino Morales, Jr.* y *Sarah Torres Peralta,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

La apelada, Station WNEL Corporation, radicó demanda ante el antiguo Tribunal de Distrito de Puerto Rico, Sección de San Juan, contra la apelante, National Bellas Hess Stores, Inc., alegando, entre otros particulares, que es arrendataria de la segunda planta del edificio que se describe en la demanda y que la apelante lo es de la primera; que ésta ha colocado en dicho edificio un anuncio eléctrico, verticalmente, de tal manera que el mismo invade la propiedad ocupada por la apelada, o sea la pared exterior de dicha segunda planta, lo que le impide el libre goce y disfrute de dicha propiedad. Solicitó la apelada *injunction* permanente compeliendo a la apelante a remover el anuncio; prohibiéndole "la colocación del mismo en forma tal que invada la propiedad" de la apelada, y para que se abstenga de intervenir "con la operación normal" de su negocio. Contestó la apelante, se procedió a juicio y el tribunal a quo dictó sentencia en 28 de noviembre de 1951 concediendo el remedio solicitado. En esa fecha se expidió el auto de injunction permanente, que fué notificado a las partes el día 30 de dicho mes. En diciembre 10 de 1951, National Bellas Hess Stores, Inc., apeló de la sentencia.

El tribunal sentenciador ordenó la preparación de la transcripción de la evidencia, la que fué radicada por el ta· quígrafo en 26 de junio de 1952 y aprobada por dicho tribunal en 24 de julio de dicho año, por certificación expedida a ese efecto. La notificación de dicha certificación a las partes, mediante envío de la misma, fué archivada en autos en 1ro. de agosto de 1952. En 3 de diciembre de 1952, transcurridos aproximadamente cuatro meses desde que se aprobara la

transcripción, sin que se hubiera archivado por la apelante el récord de la apelación en este Tribunal y sin que en momento alguno se solicitara prórroga para hacerlo, la parte apelada pidió la desestimación del recurso por no haberse perfeccionado a tiempo. [1]    Siete días después radicó la apelante el récord de la apelación, o sea, el legajo de sentencia y la transcripción de evidencia, presentando en 13 de dicho mes un escrito oponiéndose a la desestimación.    A petición de la parte apelada se celebró vista oral sobre este incidente, y en el curso de la misma pidió que se le permitiera enmendar la moción para incluir otro motivo de desestimación, el que la apelación es frívola.    Autorizada la enmienda, la cuestión de frivolidad también fué argumentada en dicha vista, y con posterioridad se presentó por la apelada una moción haciendo constar por escrito esta razón adicional para la desestimación del recurso, a lo cual se opuso la apelante.

---

[1] El artículo 299 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley 111 de mayo 5 de 1939, lee en parte así:

"Constituirá el récord de una apelación la certificación que libren el secretario del tribunal a quo, o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación, excepto en el caso de haberse aprobado una transcripción de la evidencia de acuerdo con la ley. En este caso el récord de apelación estará constituído por dicha transcripción original y por certificación de los demás documentos que constituyen el legajo de la sentencia autorizada en la forma prevista anteriormente.    Será deber del apelante entregar al secretario dicha certificación autorizada por los abogados de las partes, o solicitar la misma de aquél, y dicho funcionario elevará a la Corte Suprema, sin demora alguna, el récord completo de la apelación.    El récord de apelación deberá ser archivado en la secretaría de la Corte Suprema dentro de los treinta días siguientes al en que se haya aprobado la transcripción de la evidencia, sin que la demora del secretario perjudique a la apelación, con la constancia de haberse notificado a los abogados de las partes apeladas, con copia literal de las alegaciones que formen el legajo de la sentencia, por el abogado del apelante.

"Constituirá el récord de una apelación la certificación que libre el secretario del tribunal a quo, o los abogados de las partes, del legajo de la sentencia y de la certificación de los demás documentos que constituyan el legajo de la sentencia autorizada en la forma prevista anteriormente.

"El secretario de la corte de distrito elevará a la Corte Suprema, sin demora alguna, el récord completo de la apelación.    El récord de la ape-

En el escrito oponiéndose a la desestimación de la apelación, por el motivo de no haberse perfeccionado a tiempo, admite la apelante que la transcripción de evidencia fué aprobada por el tribunal sentenciador en 24 de julio de 1952, y que a pesar de ello, a la fecha en que fué solicitada la desestimación, no se había archivado en este Tribunal el récord de la apelación. Sostiene, sin embargo, que no debe desestimarse el recurso, porque: (1) la demora en perfeccionarlo se debió a que "el taquígrafo-repórter del Tribunal Superior, Sala de San Juan, a quien la apelante encomendó la transcripción de los autos necesarios para formar el legajo de sentencia, se había visto imposibilitado de terminar y completar su trabajo"; (2) el día 10 de diciembre de 1952 quedó radicado el récord completo de la apelación; (3) la dilación en la tramitación del recurso fué causada por el tiempo que tardó el taquígrafo en preparar la transcripción de evidencia; (4) en

lación deberá ser archivado en la Secretaría de la Corte Suprema dentro de los treinta (30) días siguientes al en que se haya aprobado por la corte."

La regla 10 de nuestro Reglamento provee lo siguiente:

"(a) Constituirá el récord de una apelación civil la certificación que libre el secretario del tribunal a quo, o los abogados de las partes, del legajo de la sentencia y del escrito de apelación, y la transcripción de evidencia debidamente certificada por el juez de distrito."

"(f) ...Dentro de treinta días después de aprobada la transcripción de evidencia por el juez de distrito, el secretario la enviará junto con el legajo de sentencia, prueba documental y *exhibits* originales si los hubiere, al secretario de este Tribunal. En los casos en que no hubiere transcripción de evidencia, el apelante radicará el legajo de sentencia ante este Tribunal dentro de los treinta días siguientes a la fecha en que se radicó el escrito de apelación."

La regla 12 del mismo Reglamento, lee en parte así:

"(c) La parte apelada puede solicitar mediante moción de desestimación de una apelación por los siguientes motivos: (1) que este Tribunal carece de jurisdicción para considerar la apelación; (2) que ésta no ha sido perfeccionada de acuerdo con la ley, (3) que no se ha proseguido con la diligencia debida o de buena fe, o (4) que la apelación es frívola.

"(d) Una apelación puede darse por desistida en cualquier tiempo por resolución del Tribunal dictada en virtud de moción escrita de la parte recurrente, debidamente notificada a la parte contraria, y el secretario notificará al Tribunal inferior la resolución que se dicte."

la apelación están envueltas cuestiones interesantes e importantes que la apelante desea plantear en forma adecuada. Discrepamos.

■ El legajo de sentencia no tenía que ser preparado por un taquígrafo determinado. Si aquel a quien se encargó este trabajo no estaba en condiciones de terminarlo a tiempo, pudo habérsele confiado a otro.

■■ Considerando que no se ha justificado en forma alguna la tardanza en perfeccionar el recurso, el solo hecho de que el récord de la apelación se archivara pocos días después de haberse solicitado la desestimación, no debe exonerar a la apelante de las consecuencias de la demora en presentarlo. En casos meritorios, cuando existan motivos que justifiquen la dilación, podremos relevar a la parte apelante de las consecuencias de la misma, aun después de solicitada la desestimación, pero no creemos aconsejable establecer como norma general que así lo haremos por el hecho de que al fin se presente el récord de la apelación, aunque no se justifique la tardanza en hacerlo. Por razones obvias no podemos dejar a las partes el absoluto control y dominio de la tramitación de las apelaciones, y mucho menos, adoptar un principio que puede traer como consecuencia el que un apelante dilate, casi a su arbitrio, el perfeccionar el recurso, permaneciendo inactivo hasta que el apelado proteste.

■ La alegada demora del taquígrafo en preparar la transcripción de la evidencia, no tiene relación alguna con, ni pudo haber sido la causa de la dilación en presentar el récord de la apelación. La transcripción, como hemos indicado, fué radicada en el tribunal a quo en 26 de junio de 1952, y aprobada por dicho tribunal en 24 de julio de dicho año. Después de ello, quedó por preparar el legajo de sentencia— que sólo consta de cincuenta y nueve páginas.

■ Se sostiene por la apelante que no debemos desestimar, porque el recurso de apelación envuelve cuestiones de importancia. Nos dice además, que una de ellas presenta un problema de derecho, nuevo en esta jurisdicción. Indepen-

dientemente de que las disposiciones de la ley y de nuestro Reglamento sobre la tramitación de las apelaciones, se han aprobado para que se observen, el examen del alegato de la apelante no crea en nuestro ánimo serias dudas sobre la justicia de la sentencia apelada. *Becerril* v. *Rodríguez*, 54 D.P.R. 207.(²)

*Debe prosperar la moción de la apelada y en su consecuencia debe desestimarse el recurso.*

El Juez Asociado Sr. Belaval no intervino.

(²) Este caso fué resuelto cuando todavía estaba en vigor la que fué Regla 58 del entonces Reglamento de este Tribunal, regla que en parte disponía lo siguiente: "Si la copia de los autos, no fuere presentada dentro del término prescrito, puede desestimarse la apelación al hacerse una moción en tal sentido previa notificación de la misma. Si la copia de los autos, ha sido presentada a la fecha en que se haga tal notificación, este hecho constituirá una contestación eficaz a la referida moción, aun en el caso de que dicha copia no se hubiere presentado dentro del término prescrito." En dicho caso desestimamos la apelación, diciendo entre otras cosas que:

"Firme ha sido siempre el propósito de este Tribunal de que los recursos se resuelvan por sus méritos, pero la rapidez de los procedimientos debe garantizarse y no debe permitirse que una parte dilate voluntariamente en perjuicio de la otra la tramitación de los recursos. De ahí las reglas."

La disposición a que hemos hecho referencia fué eliminada de nuestro Reglamento hace algunos años.