■ En *Pueblo* v. *Prieto Maysonet*, 103 D.P.R. 102 (1974), resuelto en el día de hoy, dejamos consignado que sólo debe apelarse de una sentencia condenatoria cuando se tiene la convicción de que se ha cometido un error que amerite la revocación de la sentencia.

*Se confirmarán las sentencias apeladas.*

EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS PRIETO MAYSONET, acusado y apelante.

*Números*: CR-74-17,     *Resueltos*: 10 de diciembre de 1974
O-74-44

*Luis Prieto Maysonet,* por derecho propio; *Santos P. Amadeo* y *José Enrique Amadeo,* abogados del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Roberto Armstrong, Jr., Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

Luis Prieto Maysonet fue acusado de haber asesinado a un anciano de 90 años de edad. Un jurado le declaró culpable,

por mayoría de diez a dos, de asesinato en segundo grado. Oportunamente apeló de la sentencia que le condenó a cumplir de 12 a 18 años de presidio y obtuvo del tribunal sentenciador una orden para que se transcribieran las pruebas. Dos estenotipistas intervinieron en la vista del caso, que tomó tres días. La primera transcribió sus notas, correspondientes al primer día de juicio. La segunda, que tomó las incidencias del segundo y tercer día, incluyendo las instrucciones al jurado, no pudo preparar su transcripción por haberse incapacitado mentalmente. Un tercer estenotipista a quien se encomendó la transcripción de las notas de la segunda no pudo hacerlo debido a que los estenogramas de ella resultaban indescifrables.

■ Amparándose en la Regla 188 (e) de Procedimiento Criminal el acusado solicitó nuevo juicio. Celebrada una vista, el tribunal sentenciador denegó la solicitud basándose en que el acusado no demostró que era imposible preparar, en sustitución de la transcripción, una exposición narrativa del caso. El acusado recurre ante nos para que revisemos la resolución que así dispuso. (¹) Entendemos que dicha resolución debe mantenerse.

La Regla 188 de Procedimiento Criminal dispone como sigue, en lo aquí pertinente:

"El tribunal concederá un nuevo juicio por cualquiera de los siguientes fundamentos:

(a) .  .  .  .  .  .  .  .
(b) .  .  .  .  .  .  .  .
(c) .  .  .  .  .  .  .  .
(d) .  .  .  .  .  .  .  .
(e) Que no fue posible obtener una transcripción de las notas taquigráficas de los procedimientos, debido a la muerte o incapa-

---

(¹) El acusado ha presentado dos recursos dirigidos al mismo propósito. El Cr-74-17 es una apelación formulada por sus abogados. El O-74-44 es una solicitud de nuevo juicio presentada ante nos por su propio derecho. Aunque la apelación no procede contra una resolución denegatoria de un nuevo juicio, *Pueblo* v. *Saenz Forteza*, 100 D.P.R. 956 (1972), hemos considerado ambos recursos como si se tratara de solicitudes de *certiorari*, los hemos consolidado, y así los resolvemos.

cidad del taquígrafo o a la pérdida o destrucción de sus notas, ni preparar en sustitución de dicha transcripción una exposición del caso en forma narrativa según se dispone en las Reglas 208 y 209.

(f) .　　.　　.　　.　　.　　.　　.　　."

La Regla 208 (²) a que remite la 188 permite que cuando no se puedan transcribir las notas taquigráficas el apelante prepare "una exposición de la prueba o una relación de los procedimientos, usando para ello los mejores medios disponibles, incluyendo su recuerdo, para ser usada en lugar de una transcripción taquigráfica." La Regla 209 (³) contempla el que las partes convengan en una exposición del caso, sin necesidad de la transcripción, cuando las cuestiones planteadas en la

---

(²) La Regla 208 de Procedimiento Criminal dice:

"En caso de que no se hubieren tomado notas taquigráficas de la prueba o de los procedimientos durante una vista o juicio, o que por cualquier razón dichas notas no pudieren transcribirse, el apelante podrá preparar una exposición de la prueba o una relación de los procedimientos, usando para ello los mejores medios disponibles, incluyendo su recuerdo, para ser usada en lugar de una transcripción taquigráfica. Esta exposición o relación se notificará al fiscal, quien deberá presentar sus objeciones o proponer enmiendas, dentro de los diez días después de notificado. Inmediatamente después, dicha exposición o relación con las objeciones o enmiendas propuestas, se someterá al Tribunal Superior para su resolución y aprobación, y el secretario de dicho tribunal las incluirá, así resueltas y aprobadas, en el expediente de apelación."

(³) La Regla 209 de Procedimiento Criminal dispone:

"Cuando las cuestiones planteadas por una apelación al Tribunal Supremo fueren susceptibles de determinación sin un estudio de todas las alegaciones, la prueba y los procedimientos del tribunal apelado, las partes podrán preparar y firmar una exposición del caso que demuestre la manera cómo surgieron y cómo fueron resueltas las cuestiones en dicho tribunal y exponiendo únicamente aquellos hechos aseverados y probados o que se hubiere intentado probar que fueren esenciales para una resolución de las cuestiones por el Tribunal Supremo. Se incluirá en la exposición una copia de la sentencia apelada, una copia del escrito de apelación con la fecha de su presentación y una exposición concisa de los fundamentos en que descansa el apelante. Si la exposición fuere conforme a la verdad, dicha exposición con todas las adiciones que el tribunal considerare necesarias para dar a conocer en su totalidad las cuestiones levantadas por la apelación, será aprobada por éste y se certificará al Tribunal Supremo como el expediente de apelación."

apelación puedan ser susceptibles de determinación sin un estudio de "las alegaciones, la prueba y los procedimientos del tribunal apelado. . . ." Aquí las partes—el acusado aquí peticionario y el Ministerio Público—no han convenido hacer una exposición del caso y no aplica por tanto la Regla 209. El peticionario señala que no puede cumplir con la Regla 208 porque, habiendo sido juzgado por jurado, no podría reconstruir las instrucciones impartidas por el juez al jurado. Cita *Pueblo* v. *Reyes Morales*, 93 D.P.R. 607 (1966) y *Reyes Oyola* v. *Delgado*, 81 D.P.R. 937 (1960).

En *Reyes Oyola*, citando a *Pueblo* v. *Serbiá*, 78 D.P.R. 788 (1955) y casos allí relacionados, dijimos en la pág. 941 que el derecho de apelación, aunque no se consagre en la Constitución, entra a formar parte del debido proceso de ley y adquiere una categoría cuasi constitucional una vez incorporado al sistema de justicia pública por acción legislativa. Pero señalamos además que "tratándose de un derecho que inicialmente es estatutario, la Legislatura tiene el derecho de prescribir la forma en que se ha de apelar." Así, se requiere que se presente un escrito "en la secretaría de la Sala del tribunal que dictó la sentencia", se fija un plazo de veinte días para hacerlo a partir de la fecha en que la sentencia fue dictada, y se requiere que el fiscal sea notificado con copia de ese escrito y dentro del mismo término de veinte días (Regla 194); se exige un determinado contenido del escrito de apelación (Regla 196); se prescribe que si el apelante interesa la transcripción de determinada prueba oral, la designe dentro de los diez días de la presentación del escrito de apelación (Regla 200) y, una vez transcrita, supla copia al fiscal (Regla 201). La Regla 11 del Reglamento del Tribunal Supremo requiere que el apelante presente un alegato dentro de los treinta días siguientes al recibo en el Tribunal Supremo del expediente original, incluyendo la transcripción de las pruebas, cuyo alegato debe conformarse a los requisitos de dicha Regla y específicamente contener "un señalamiento de los

errores que alega cometió el tribunal de instancia," y deberá ser notificado a la parte apelada. El recurso será desestimado si el alegato no se presentare dentro del término de 30 días señalado (Regla 11 del Reglamento de este Tribunal), o si, conforme lo dispone la Regla 212 de Procedimiento Criminal, (1) este Tribunal careciere de jurisdicción, como sería el caso si el escrito de apelación se presentare después de vencido el término de veinte días o no se notificare al fiscal dentro de ese término, *Pueblo* v. *Reyes*, 76 D.P.R. 296, 297 (1954); *Pueblo* v. *Díaz*, 60 D.P.R. 844 (1942); *Pueblo* v. *Martínez*, 53 D.P.R. 578 (1938); *Pueblo* v. *Rivera*, 41 D.P.R. 661 (1930); (2) la apelación no se perfeccionase, *Pueblo* v. *Torres*, 75 D.P.R. 231 (1953); *Pueblo* v. *Vázquez*, 72 D.P.R. 824 (1951); (3) no se prosiguiere con la debida diligencia; o (4) el recurso resultare ser frívolo.

Como puede colegirse de lo que acabamos de exponer, el procedimiento para apelar ha de cumplirse estrictamente. Véanse *Pueblo* v. *Vázquez*, supra; *Pueblo* v. *Torres*, supra; *Vázquez* v. *Rivera*, 69 D.P.R. 947, 949 (1949); cf. *Station WNEL* v. *Bellas Hess Stores, Inc.*, 74 D.P.R. 562, 566–567 (1953). La apelación en el Derecho penal puertorriqueño no es automática como lo es, por ejemplo, en el estado de California en casos en que se impone la pena capital. Véase *Chessman* v. *Teets*, 354 U.S. 156 (1957). Nuestro Derecho procesal es rogado. Se presume que los tribunales actúan con corrección. *Pérez Aldarondo* v. *Tribunal Superior*, 102 D.P.R. 1 (1974); *Pueblo* v. *Reyes Morales*, 93 D.P.R. 607, 628 (1966); *Escalera* v. *Armenteros*, 74 D.P.R. 11 (1952). Compete al apelante la obligación de demostrar lo contrario. El recurso de apelación no es una expedición de pesca en el mar de la transcripción de las pruebas. Las pruebas se transcriben para demostrar que se han cometido determinados errores y no para ser examinadas por el abogado del apelante con miras a determinar si hay en ellas base para sostener el recurso de apelación.

Se apela cuando se tiene la convicción de que se han cometido errores que ameritan la revocación. No se apela por apelar.

■ El acusado no ha expresado ante nos en qué errores a su juicio cometidos descansa su recurso de apelación contra la sentencia. No obstante, hemos examinado el expediente con detenimiento para ver si revela algún indicio sobre este particular, y lo encontramos. Obra en los autos una moción del acusado fechada el 16 de julio de 1971 en que solicitó del tribunal sentenciador que le fijara fianza en apelación. Allí adujo como única base de su recurso que el veredicto del jurado no era válido por haberse producido por mayoría y no por unanimidad. El tribunal a quo actuó correctamente al resolver que en la apelación no se planteaba una cuestión sustancial. Véanse *Pueblo* v. *Sánchez Torres*, 102 D.P.R. 499 (1974); *Pueblo* v. *Báez Cintrón*, 102 D.P.R. 30 (1974).

■ *Reyes Oyola* v. *Delgado*, supra, invocado por el peticionario, no le da la razón. Allí no se podían transcribir las pruebas porque el taquígrafo había muerto. Tampoco se podía preparar una relación o exposición del caso porque para la fecha en que se planteó la necesidad de recurrir a ese método ya no eran funcionarios del tribunal el juez que presidió el proceso, ni el fiscal que intervino, ni el abogado defensor, y no había en la secretaría notas ni documentos sobre los cuales preparar una exposición del caso. Aquí la situación es distinta. El acusado no demostró ante el tribunal de instancia haber hecho diligencia alguna para preparar la relación del caso, ni que ello fuera imposible. El acusado y su abogado pudieron informarse, entrevistando a los abogados que le representaron durante el juicio, sobre incidentes surgidos en el curso del proceso que pudieran dar base a planteamientos en que justificar la apelación. Pudieron consultar las notas de esos abogados. Pudieron ver al juez que presidió el proceso y examinar sus notas. Pudieron entrevistar a otros funcionarios del tribunal, y aun al fiscal. Nada de esto hicieron, ni hay en el expediente ante nos explicación de por qué no lo hicieron.

También invoca el acusado a *Pueblo* v. *Reyes Morales*, ya citado, poniendo énfasis en su alegada necesidad de contar con la transcripción de las instrucciones dadas al jurado. Pretende justificar tal necesidad a base de que, según afirma, es imposible reproducir las instrucciones mediante una exposición del caso. Nuevamente nos quiere llevar a la expedición de pesca de errores.

En primer lugar, en *Reyes Morales* señalamos (pág. 625) que la reconstrucción de las instrucciones era allí imposible porque ya el juez que presidió el proceso no formaba parte del Tribunal Superior "y cualquiera reconstrucción suya hubiera sido objetable." Aquí la situación es distinta. El proceso fue presidido por el Hon. Agustín Mangual Hernández, quien aún es juez del Tribunal Superior y quien actúa precisamente en la Sala de Bayamón, en que se celebró el juicio. Nada hay en los autos ante nos indicativo de que el Juez señor Mangual no pueda hacer la reproducción de sus instrucciones.

En segundo lugar, el expediente no revela que se formularan objeciones a las instrucciones. Hemos examinado la minuta del 12 de junio de 1969, fecha en que se impartieron las instrucciones al jurado, y lo único que revela es que se estipuló que no se hiciera un resumen de la prueba, cosa permitida por la Regla 137 de Procedimiento Criminal. No se propusieron instrucciones especiales. La citada Regla 137 contiene, entre otras, la siguiente disposición: "Ninguna de las partes podrá señalar como error cualquiera porción de las instrucciones u omisión en las mismas a menos que planteare su objeción a ellas o solicitare instrucciones adicionales antes de retirarse el jurado a deliberar, exponiendo claramente los motivos de su impugnación, o de su solicitud." Véanse al mismo efecto *Pueblo* v. *Sánchez Torres*, supra; *Pueblo* v. *Torres Rolón*, 99 D.P.R. 970 (1971); *Pueblo* v. *Alvarez de Jesús*, 99 D.P.R. 124 (1970); *Pueblo* v. *García*, 98 D.P.R. 855 (1970). No creemos que le hubiese sido difícil al acusado y su abogado reconstruir cualesquiera objeciones a las instruccio-

nes, si las hubo, recurriendo a las notas y a la memoria de sus abogados, que eran tres competentes miembros del foro, a las notas y memoria del juez, y aun al fiscal. No puede quejarse de no haberlo intentado.

*Pueblo* v. *Colón*, 63 D.P.R. 385 (1944), también citado por el acusado, presenta una situación distinta. Allí había una transcripción de las instrucciones del juez, que resultaban ser una exposición errónea del Derecho. Se instruía al jurado que la presunción de inocencia debe ser claramente probada. El fiscal pretendió ante nos que la transcripción era errónea, lo que quiso acreditar con una declaración jurada del taquígrafo en que decía que se equivocó al copiarlas del libro de instrucciones generales; es decir, que sus notas no reflejaban lo dicho por el juez y sí lo que copió del libro. Era obvio que teníamos que revocar. Surgía el error de la propia transcripción y mal podía éste subsanarse, en perjuicio del acusado, mediante la declaración jurada *ex parte* del taquígrafo.

Distinto también es el caso de *Pueblo* v. *Vega*, 70 D.P.R. 820 (1950), a que hace referencia el acusado. Al igual que en *Pueblo* v. *Colón*, supra, en *Vega* se trató de rectificar la transcripción de un incidente entre el fiscal y el abogado defensor y las instrucciones dadas de inmediato al jurado. A pesar de la orden al taquígrafo de que tomara todas las incidencias de los informes al jurado, no lo hizo. Se presentaron en relación con una moción de nuevo juicio declaraciones juradas de abogados y del fiscal que confligían en el relato del incidente. Ninguna podía, por tanto, servir para cubrir lo omitido por el taquígrafo. El incidente revestía gran importancia porque, de ser cierto lo alegado por los abogados, implicaba una indebida influencia por parte del fiscal en la misión juzgadora del jurado, introduciendo un elemento de favor o consideración personal al amenazar con renunciar a su cargo si el jurado rendía un veredicto absolutorio. Se imponía la concesión de un nuevo juicio.

La Regla 208 tiene como antecedente inmediato el Art. 356 del Código de Enjuiciamiento Criminal aprobado el primero de marzo de 1902, 34 L.P.R.A. sec. 1081, derogado por la Regla 254 de Procedimiento Criminal, hoy redesignada como Regla 255 por la Ley Núm. 199 de 23 de julio de 1974. Dicho Art. 356 requería que para perfeccionar su apelación el apelante preparara y sometiera para aprobación del juez sentenciador, dentro de los diez días siguientes al archivo de la sentencia, un pliego de excepciones y exposición del caso. Como alternativa permitía al apelante solicitar una transcripción de las declaraciones ofrecidas y tomadas, de las pruebas practicadas, y de las resoluciones, actos y manifestaciones del tribunal y de las objeciones del fiscal y del abogado y cuestiones con ellas relacionadas. En la práctica se invirtió el procedimiento y se generalizó el uso del método alterno, es decir, la transcripción. La Regla 208 parte de ese supuesto y recurre al método de exposición de la prueba o relación de los procedimientos como sustituto del método de transcripción de las pruebas.

■ Es inescapable la conclusión de que bajo el Código de Enjuiciamiento Criminal no era, ni bajo las Reglas de Procedimiento Criminal es, imprescindible, para el perfeccionamiento de la apelación, transcribir las pruebas. De ahí que tan recientemente como el 14 de agosto de 1974 enmendáramos la Regla 10 (f) de nuestro Reglamento para que disponga:

"(f) En caso de que el taquígrafo que hubiere tomado las notas del juicio falleciere, se incapacitase o se ausentare, hechos éstos que deben probarse a satisfacción de este Tribunal, y no fuere posible radicar la transcripción de la evidencia, *o en casos en que este Tribunal, con miras a acelerar los procedimientos o servir de otro modo los fines de la justicia, así lo ordenara,* el apelante o el recurrente en apelación, dentro de un término razonable que a esos efectos le conceda el tribunal de instancia, *o este Tribunal en los casos que así lo hubiere ordenado,* preparará una exposición en forma narrativa de la evidencia que se hubiere presentado y pliego de excepciones o de la prueba o re-

lación de los procedimientos que disponen la Regla 54.11(a) de Procedimiento Civil y la Regla 208 de Procedimiento Criminal que deberá ser aprobado y certificado por el juez que conoció y resolvió el asunto." (Lo subrayado fue adicionado por la Resolución de 14 de agosto de 1974.)

Una disposición similar a la de la Regla 208 fue adoptada como la Regla 10 (c) de las *Federal Rules of Appellate Procedure for the United States Courts of Appeals.* Es interesante notar que dicha Regla 10 (c) se tomó de la 75 (n) de Procedimiento Civil Federal, que a su vez se adoptó en nuestra jurisdicción como la número 54.11 (a) de nuestras vigentes Reglas de Procedimiento Civil de 1958. Dicha Regla 54.11 (a) y la 208 de Procedimiento Criminal son idénticas. En ausencia de información que nos ilustre sobre la verdadera procedencia de nuestra Regla 208, no parece aventurado decir que fue copiada de la 75 (n) de Procedimiento Civil Federal, adoptada en 1946 en la jurisdicción federal. Véase 9 Moore's *Federal Practice,* sec. 210.14 (8). Esa Regla 75 (n), que como hemos señalado figura como 10 (c) en las Reglas Federales de Procedimiento Apelativo para las Cortes de Apelaciones de los Estados Unidos, aplica lo mismo a casos civiles que a casos criminales. En lo concerniente a su relación con la solicitud de nuevo juicio, dice Moore, tomo 9 de su obra antes citada, en la pág. 1631:

"Como la Regla 10 (c) establece un método para incluir en el expediente procedimientos y testimonios que no aparecen en la transcripción taquigráfica, una parte no puede obtener la celebración de un nuevo juicio simplemente porque aquello que ocurrió en la corte de distrito no aparezca en la transcripción. Dicha parte debe por lo menos hacer un esfuerzo para suplementar la transcripción valiéndose del procedimiento establecido por la Regla 10 (c)."

Lo mismo podemos decir respecto de la Regla 188 (e) de Procedimiento Criminal, en relación con la 208 de ese mismo ordenamiento. La Regla 188 (e) es clara. Según sus términos no basta para justificar que se ordene la celebración de un nuevo juicio que no pueda obtenerse la transcripción de las

pruebas. Debe demostrarse además la imposibilidad de "preparar en sustitución de dicha transcripción una exposición del caso en forma narrativa según se dispone en las Reglas 208 y 209."

Hemos expresado en repetidas ocasiones que la concesión de un nuevo juicio descansa en la discreción del tribunal sentenciador, y que no alteraremos su actuación a menos que se demuestre un claro e inequívoco abuso de esa discreción. *Pueblo* v. *Carrasquillo Carrasquillo*, 102 D.P.R. 545 (1974) ; *Pueblo* v. *Rodríguez Vallejo*, 100 D.P.R. 426 (1972) ; *Pueblo* v. *Vázquez Izquierdo*, 96 D.P.R. 154 (1968) ; *Pueblo* v. *Pardo Toro*, 90 D.P.R. 635 (1964) ; *Pueblo* v. *Morales*, 66 D.P.R. 10 (1957). Las circunstancias de este caso no son precisamente las que puedan movernos a intervenir con la discreción ejercitada. El acusado no hizo esfuerzo alguno por cumplir con la Regla 208 ni para demostrar que era imposible hacerlo. Estuvo justificado el tribunal recurrido al denegar su solicitud de nuevo juicio.

*Se confirmará la resolución del Tribunal Superior, Sala de Bayamón, denegando la concesión de un nuevo juicio.*