TEXTO COMPLETO DE LA RESOLUCIÓN
Eli Abdiel Sánchez Roa (Sr. Sánchez o peticionario) comparece ante nos en el interés de que se revoque una Resolución emitida por el Tribunal de Primera Instancia, Sala de Arecibo (TPI), el 13 de mayo de 2009, mediante la cual se denegó una solicitud que éste radicara al amparo de la Regla 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.
I
Según lo relatado por el peticionario, y por hechos que no describe en detalle, el 20 de julio de 1999, fue sentenciado por el cargo de asesinato en primer grado, Art. 83 del Código Penal de 1974, 33 L.P.R.A. § 4202 y actualmente se encuentra cumpliendo condena. Luego de nueve años y nueves meses de dictada la sentencia condenatoria, el primero de mayo de 2009, el Sr. Sánchez presentó moción bajo la Regla 192.1 de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 192.1, en la que alegó no haber tenido una adecuada representación legal durante el proceso seguido en su contra, además de haber sido víctima de una alegación de culpabilidad viciada por su entonces representante legal y el Ministerio Fiscal, aduciendo así, un ataque colateral a la sentencia del 20 de julio de 1999. [1]
El 13 de mayo de 2009, el TPI dictó Resolución titulada “Notificación”, mediante la cual denegó la solicitud del peticionario. Inconforme, el 20 de mayo de 2009, el peticionario presentó recurso de Certiorari y aduce que el TPI cometió tres errores:
“PRIMER ERROR:
*624 Cometió error el T.P.I. al pasar por alto la Regla 192.1 de P.C.; esto al no tomar en cuenta y consideración el hecho de que dicha Regla, permite que cualquier convicto reclame su derecho a que se anule, deje sin efecto o corrija la Sentencia, basado ente otras cosas y hechos en una mala representación legal. (Véase Pueblo v. Ortiz Couvertier, 132 D.P.R. 993, 1993).
SEGUNDO ERROR:
Cometió error el T.P.I. al no celebrar una vista evidenciaría de las alegaciones y exposición del aquí apelante para evidenciar los hechos expuestos en la moción presentada.
TERCER ERROR:
Cometió error el T.P.I. al no evaluar y pasar por alto los derechos constitucionales del aquí apelante, al no velar por el cumplimiento de los mismos, provocando así, un juicio parcializado e injusto, donde se cometió fraude e intimidación.”
Con el beneficio de los escritos de las partes, pasamos a atender el recurso.
n
Por estar íntimamente relacionados entre sí, discutiremos conjuntamente los errores señalados.
La alegación de culpabilidad está regulada por la Regla 72 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 72. Conforme a ésta, por mediación del abogado, un acusado y el Fiscal pueden iniciar conversaciones con miras a acordar una aceptación de culpabilidad por el delito que se le acusa, o por uno de grado inferior o relacionado, a cambio de que el Ministerio Público se comprometa a realizar determinados cursos de acción. Entre los referidos cursos de acción se destaca el recomendar una sentencia en particular, bajo el entendido de que su recomendación, no obliga al tribunal. Regla 72(c) de Procedimiento Criminal, supra.
El acto de declararse culpable es de gran trascendencia en el procedimiento criminal, Pueblo v. Suárez, 168 D.P.R. 460 (2004), ya que mediante la alegación de culpabilidad, el acusado renuncia a gran parte de los derechos fundamentales que le garantizan la Constitución y las leyes. Id.; Pueblo v. Santiago Agricourt, 147 D.P.R. 179 (1998); Díaz Díaz v. Alcaide, 101 D.P.R. 846 (1973). Es por ello que la alegación de culpabilidad, como un acto grave y solemne, es aceptada por los tribunales con cuidado y discernimiento. Pueblo v. Suárez, supra; Brady v. U.S., 397 U.S. 742 (1970).
La Regla 192.1 de Procedimiento Criminal autoriza a cualquier persona que se encuentre detenida, a presentar una moción en el Tribunal de Primera Instancia que dictó la sentencia condenatoria, para que sea corregida, dejada sin efecto o anulada, en circunstancias en que se alegue el derecho a ser puesto en libertad y el peticionario prueba que la sentencia dictada sea contraria a la ley o viole algún precepto constitucional, haya sido dictada sin jurisdicción, exceda la pena prescrita por la ley, o cuando esté sujeta a un ataque colateral por un fundamento válido.
Es al peticionario a quien le corresponde el peso de la prueba para demostrar que tiene derecho al remedio solicitado. Los fundamentos para solicitar la revisión de una sentencia bajo este mecanismo se limitan a planteamientos de derecho, por lo que no puede ser utilizado para revisar señalamientos sobre errores de hechos. íd. Los planteamientos en la referida moción se deben circunscribir a cuestiones dirigidas a establecer que la sentencia impugnada está viciada por un error fundamental que “contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo.” Pueblo v. Román Mártir, supra, a la pág. 7.
El tribunal sentenciador no vendrá obligado a considerar otra moción presentada por el mismo confinado para solicitar el mismo remedio si al examinar la moción al amparo de la Regla 192.1 se desprende claramente que el peticionario no tiene derecho a remedio alguno. El Tribunal puede rechazarla de plano sin necesidad de celebrar audiencia. Camareno Maldonado v. Tribunal Superior, 101 D.P.R. 552 (1973).
Un ciudadano convicto mediante alegación de culpabilidad, podría atacar dicha convicción, y la sentencia dictada de conformidad, si cuenta con un planteamiento o defensa meritoria de debido proceso de ley. Pueblo v. Román Mártir, supra. Podría hacerlo directamente, a través del recurso de certiorari correspondiente, o colateralmente, a través de procedimientos posteriores a la sentencia, perfeccionados conforme a derecho, dentro de los cuales está la moción bajo la *625 Regla 192.1 de Procedimiento Criminal. Id.
Por tener como objetivo el lograr la revocación de convicciones y sentencias finales y firmes, la Regla 192.1, supra, debe ser vista por los tribunales como una de naturaleza excepcional. Pueblo v. Román Mártir, supra. Así, las mociones a su amparo deben ser examinadas con un gran cuidado, desplegándose en todo momento un juicioso y responsable ejercicio de discreción. Id. No se puede perder de perspectiva que el proceso de impartir justicia incluye la debida protección del principio de finalidad de los procedimientos penales. Id. A su vez, las actuaciones de los tribunales están cobijadas por una presunción de corrección. Pueblo v. Rivera Rodríguez, 123 D.P.R. 467 (1989). Por ello, ante cualquier alegación de que un tribunal actuó incorrectamente, es necesario, para rebatir esa presunción, que se aporte prueba que sustente esa alegación y que sitúe al foro apelativo en posición de poder considerar dicha alegación. Pueblo v. Prieto Maysonet, 103 D.P.R. 102 (1974). Basándonos en lo anterior, llegamos a las siguientes conclusiones.
IH
En este caso, no cometió error el TPI al denegar la moción al amparo de las Regla 192.1, supra. El peticionario, por sí y mediante su representación legal, estableció conversaciones con el Ministerio Público para hacer alegación de culpabilidad sujeto a previo acuerdo. Como resultado de la negociación iniciada por la representación legal del Sr. Sánchez, el Ministerio Público aceptó eliminar la alegación de uso de armas en la comisión del delito de asesinato y ambas partes recomendaron al TPI la imposición de una sentencia concurrente con las sentencias impuestas en otros casos.
Del recurso interpuesto por el Sr. Sánchez surge que éste presentó moción al amparo de la Regla 192.1, supra, argumentando haber sido “hostigado, amenazado, presionado y engañado de forma fraudulenta” por parte de su abogado y el Ministerio Fiscal para obligarlo a declararse culpable (Escrito del peticionario, p. 3). [2] En específico, el peticionario fundamenta un alegado esquema coercitivo contra su persona, señalando que antes de que el Ledo. Hernández García renunciara a su representación legal, su madre -también acusada-, le había “solicitado que los casos se vieran por separados” y que “investigara todo lo relacionado al caso y tampoco lo hizo.” (Ap., p. 6). Luego, aduce que el Ledo. Hernández García, junto con el Fiscal Wilson González Antongiorgi procedieron a amenazarlo y presionarlo psicológicamente para que hiciera alegación de culpabilidad, y que de no hacerla, “le darían más de diez años a Elizabeth Roa, José Sánchez Roa y a Mayra Candelaria Rivera”, y que a esta última le quitarían la custodia de su hija. (Ap., p. 7). De este modo, aduce que no le quedó otra alternativa que declararse culpable.
Posteriormente, por razones que desconocemos, el Ledo. Hernández García renunció y el TPI procedió a asignar al Ledo. Juan E. Taboas Santiago como representante legal del Sr. Sánchez a partir de 20 de julio de 1999 (Ap., p. 7).
Instruido el tribunal que el peticionario renunció expresamente a que los hechos por los que fue acusado fueran dirimidos por un jurado, el TPI examinó e interrogó al peticionario, y así, se cercioró de que la renuncia a su derecho a la celebración de juicio y que su aceptación a la alegación preacordada de culpabilidad fue producto de una decisión voluntaria e inteligente. Ante ello, frente a meras conjeturas subjetivas del Sr. Sánchez, no podemos manifestar inconformidad con las representaciones legales que éste tuvo durante el proceso criminal en su contra. Más aún, cuando éste firmó la alegación preacordada estando asistido por abogado. Al momento de hacer la alegación de culpabilidad, Instancia verificó que su consentimiento fuese voluntario e inteligente, es decir, se cercioró que el peticionario entendiera los derechos que estaba renunciando y le hizo las advertencias de rigor. En suma, estuvo representado por abogado en todos los procesos, y dio su aval entendiendo las consecuencias de su decisión.
De autos no surge evidencia que aduzca que el trámite seguido por el TPI no haya cumplido con las garantías del debido proceso de ley o que dejó vencer su buen uso de discreción.
Finalmente, el Sr. Sánchez expone que el Ministerio Público no contaba con prueba suficiente para establecer los elementos del delito de Asesinato en Primer Grado, supra. Este último señalamiento, al igual que los discutidos arriba, no se acoplan a los requisitos necesarios para que el TPI corrija o deje sin efecto la sentencia condenatoria, según explicado por la jurisprudencia antes citada. El recurso interpuesto contiene alegaciones divorciadas de datos relevantes que aduzcan abuso discrecional por parte del TPI, ya sea por no haber aplicado la ley correctamente, por haber existido falsa representación o por el peticionario haber aducido con validez, alguna defensa meritoria como para retirar la alegación de culpabilidad. Más aún, analizando su solicitud de la forma más favorable para el peticionario, como una al amparo de la Regla 192.1, entendemos que estamos ante un intento de cambio de teoría post-alegatoria en un caso en el que no consta que el TPI haya tenido alguna duda de la culpabilidad del acusado. Es menester evitar que los convictos levanten argumentos infundados o *626 insuficientes por la vía colateral en procedimientos posteriores. Permitirlo daría paso a que nuestros tribunales se vieran abarrotados de recursos inmeritorios por parte de reclusos con el propósito de atacar colateralmente sentencias cuya apelación fue infructuosa, o que nunca fueron apeladas, en busca de revocar cualquier sentencia de culpabilidad que ya advino final y firme.
IV
Por los fundamentos antes expuestos, denegamos la expedición del auto de Certiorari solicitado.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Dimarie Alicea Lozada Secretaria Tribunal de Apelaciones
ESCOLIOS 2010 DTA 2

. Examinados los autos mediante los cuales el Sr. Sánchez ha comparecido ante este tribunal, nos percatamos que éste ha presentado dos recursos con antelación al que hoy nos presenta. El primero consistió en una petición titulada Certiorari del 16 de marzo de 2005 (KLCE-05-00289). En ésta, el peticionario alegó que fue convicto por asesinato en primer grado y sentenciado a 99 años de prisión y que por ser menor de edad, cualificaba para ser considerado por la Junta de Libertad Bajo Palabra (J.L.B.P.) en 10 años desde su sentencia. Mediante Sentencia, acreditamos que el Procurador General reconoció que, en efecto, el peticionario podría ser considerado por la J.L.B.P. en un término de 10 años, y por no quedar controversia pendiente de adjudicación, ordenamos la desestimación del pleito por tornarse la controversia en una académica. La segunda comparecencia fue el 26 de junio de 2006, cuando consideramos el recurso de Certiorari en el cual el peticionario atacó la validez de la sentencia dictada en su contra por los mismos argumentos que hoy nos presenta, es decir, que no tuvo una adecuada representación legal y que el tribunal no consideró una alegada prueba exculpatoria que el Ministerio Público no puso a su disposición. Ante tales circunstancias, denegamos expedir el auto de Certiorari, y confirmamos el proceder del foro de instancia (KLCE-06-00641).

. Según surge de autos, la representación del peticionario al momento de solicitar la alegación de culpabilidad era el Ledo. José E. Hernández, quien también representó a Elizabeth Roa (madre del peticionario) y a José A. Sánchez Roa (hermano del peticionario). (Ap., págs. 6-7).