Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SAN ROS FIELD SERVICES et als<br><br>Peticionario<br><br>v.<br><br>DOLORES STOKLOSA<br>Recurridos | KLCE202301239 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso número:AU2022CV00495<br><br>Sobre: COBRO DE DINERO, INCUMPLIMIENTO DE CONTRATO, APROPIACIÓN ILEGAL DE BIENES, PERSECUCIÓN MALICIOSA |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 19 de enero de 2024.

Comparece la parte peticionaria, San Ros Field Services et als., y nos solicita que revoquemos una *Resolución* emitida y notificada el 3 de octubre de 2023, por el Tribunal de Primera Instancia, Sala de Aguadilla. Mediante dicho dictamen, el foro recurrido anotó la rebeldía de la parte peticionaria por incumplir órdenes del Tribunal.

Por las razones que expondremos a continuación, *desestimamos* el recurso por falta de jurisdicción por tardío.

**I.**

**A. El recurso de Certiorari**

Como es sabido, el recurso de certiorari es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal de

Número Identificador

RES2024 _____

menor jerarquía. *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). El Tribunal de Apelaciones tiene la facultad para expedir el auto de certiorari de manera discrecional, por tratarse de ordinario de asuntos interlocutorios; o, como en este caso, post sentencia. La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que para ello debemos considerar para expedir o denegar un auto de certiorari. *García v. Padró*, 165 DPR 324, 335-336 (2005).

Sin embargo, la jurisdicción para atender el auto está atada, entre otras cosas, a la fecha de su presentación. A estos efectos, la Regla 32(D) del Reglamento de este Tribunal dispone que "[e]l recurso de certiorari para revisar cualquier otra resolución u orden (...) del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida". Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32(D). Este término es de cumplimiento estricto. Id.; *Pueblo v. Román Feliciano*, 181 DPR 679, 690 (2011).

En Soto Pino, el Tribunal Supremo de Puerto Rico expresó lo siguiente respecto a los términos de cumplimiento estricto:

> *Es norma harta conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Sin embargo, para prorrogar un término de cumplimiento estricto 'generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido'. Consecuentemente, en relación a los términos de cumplimiento estricto hemos resuelto que 'el foro apelativo no goza de discreción para prorrogar tales términos automáticamente'. La parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto. Si no lo hace, los tribunales 'carece[n] de*

> *discreción para prorrogar el término y, por ende, acoger el recurso ante su consideración'. Soto Pino v. Uno Radio Group, 189 DPR 84, 92 (2013). (Citas omitidas).*

### B. La jurisdicción

La *jurisdicción* es el poder de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Rivera Ortiz,* 2022 TSPR 62, 209 DPR ____ (2022); *Pueblo v. Ríos Nieves,* 2022 TSPR 49, 209 DPR ____ (2022); *Pérez et al. v. Lares Medical et al.,* 207 DPR 965 (2021); *Cancel Rivera v. González Ruiz,* 200 DPR 319, 329 (2018).

Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y que no contamos discreción para asumir jurisdicción donde no la tenemos. *Pueblo v. Ríos Nieves,* supra; *Pérez Soto v. Cantera Pérez, Inc., et al.,* 188 DPR 98, 104-105 (2013). Asimismo, nuestro más alto Foro ha reiterado que la ausencia de jurisdicción no puede ser subsanada por las partes. *Íd.* Es por ello, que las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. *Íd.*

Si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz,* supra; *Pueblo v. Ríos Nieves,* supra. La presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* supra*; Pueblo v. Ríos Nieves,* supra; *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Así pues, la desestimación de un recurso tardío es final, por lo que priva fatalmente a la parte de presentarlo nuevamente, ante cualquier Foro.

Lo determinante para concluir si un recurso es tardío, es su fecha de presentación. *Pueblo v. Rivera Ortiz,* supra; *Pueblo v. Ríos Nieves,* supra; *Mun. de Rincón v. Velázquez Muñiz,* 192 DPR

989,1018 (2015). Consecuentemente, se debe cumplir estrictamente todo el procedimiento para apelar o; de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto. *Pueblo v. Rivera Ortiz,* supra; *Pueblo v. Ríos Nieves,* supra; *Pueblo v. Prieto Maysonet,* 103 DPR 102, 105 (1974).

Cónsono con lo anterior, la Regla 83 (B) (1) y (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83 (B) (1) y (C), nos faculta a desestimar, *motu proprio,* un recurso por falta de jurisdicción. *Pueblo v. Ríos Nieves,* supra; *Yumac Home v. Empresas Massó,* supra; *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012).

**II.**

En el caso ante nuestra consideración, la parte peticionaria presentó un recurso de *Certiorari* por derecho propio el pasado 7 de noviembre de 2023. No obstante, la *Resolución* de la cual se recurre se notificó el 3 de octubre de 2023. Cónsono con lo anteriormente discutido, la parte peticionaria tenía treinta (30) días para presentar el recurso de *Certiorari.* Dicho término venció el 2 de noviembre de 2023. En atención a ello, y por razón de que no se presenta causa justificada para la dilación, es forzoso concluir que el recurso ante nuestra consideración fue presentado de manera tardía, por lo que este Tribunal de Apelaciones carece de jurisdicción para atenderlo.

**III.**

Por los fundamentos que anteceden, los que hacemos formar parte del presente dictamen, *desestimamos* el recurso de *Certiorari* por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Alvarez Esnard concurre sin voto escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones