ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| GEOVANNY ORTIZ PÉREZ<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | TA2025RA00260 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección<br><br>Caso Núm.: 2015-25-021<br><br>Sobre: Respuesta del Área Concernida Superintendente |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece la parte recurrente, Geovanny Ortiz Pérez, y nos solicita que revoquemos una Resolución sobre Querella Disciplinaria emitida por el Departamento de Corrección y Rehabilitación, notificada el 9 de mayo de 2025. Mediante dicha Resolución, el foro recurrido encontró incurso en violaciones disciplinarias al recurrente y, en consecuencia, le suspendió todos los privilegios concedidos en la institución por un periodo de cuarenta (40) días calendario.

## I.

Según surge del expediente del caso ante nuestra consideración, el 18 de marzo de 2025, se le radicó al recurrente un Informe de Querella de Incidente Disciplinario en el cual se le imputó la violación a los actos prohibidos contenidos en los Códigos 220 y 224 del *Reglamento para Establecer el Procedimiento Disciplinario de*

*la Población Correccional,* Reglamento Núm. 221 de 8 de octubre de 2020.

Así las cosas, el 30 de abril de 2025, se celebró una vista administrativa ante el Oficial Examinador, ello en cumplimiento con la Regla 24 del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional. El recurrente compareció a la vista acompañado de su representación legal.

Luego de celebrada la vista, el Oficial Examinador emitió una Resolución declarando incurso al recurrente. Surge del expediente que dicha Resolución fue notificada al recurrente el 9 de mayo de 2025. Inconforme, el 28 de mayo de 2025, la recurrente presentó una solicitud de reconsideración por conducto de su representación legal. No obstante, la recurrida no se expresó en torno a dicha solicitud, por lo cual la misma se entiende rechazada de plano. En desacuerdo, el 16 de septiembre de 2025, recibido el 25 de septiembre de 2025, el recurrente compareció ante nos mediante el presente recurso de Revisión Administrativa.

**II.**

**A. La jurisdicción**

La *jurisdicción* es el poder de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022); *Cancel Rivera v. González Ruiz,* 200 DPR 319, 329 (2018).

Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y que no contamos discreción para asumir jurisdicción donde no la tenemos. *Pueblo v. Ríos Nieves*, supra; *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 104-105 (2013). Asimismo, nuestro más alto Foro ha reiterado que la ausencia de jurisdicción no puede ser subsanada por las partes. *Íd.* Es por ello, que las

cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. *Íd.*

Si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz*, supra; *Pueblo v. Ríos Nieves*, supra. La presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* supra*; Pueblo v. Ríos Nieves*, supra; *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Así pues, la desestimación de un recurso tardío es final, por lo que priva fatalmente a la parte de presentarlo nuevamente, ante cualquier Foro.

Lo determinante para concluir si un recurso es tardío, es su fecha de presentación. *Pueblo v. Rivera Ortiz*, supra; *Pueblo v. Ríos Nieves*, supra; *Mun. de Rincón v. Velázquez Muñiz*, 192 DPR 989,1018 (2015). Consecuentemente, se debe cumplir estrictamente todo el procedimiento para apelar o; de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto. *Pueblo v. Rivera Ortiz*, supra; *Pueblo v. Ríos Nieves*, supra; *Pueblo v. Prieto Maysonet*, 103 DPR 102, 105 (1974).

Cónsono con lo anterior, la Regla 83 (B) (1) y (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83 (B) (1) y (C), nos faculta a desestimar, *motu proprio,* un recurso por falta de jurisdicción. *Pueblo v. Ríos Nieves*, supra; *Yumac Home v. Empresas Massó*, supra; *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012).

**B. Término para presentar Recurso de Revisión Administrativa**

La Sección 4.2 de la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", 3 LPRA secc. 9672, dispone lo siguiente:

*Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.*

Sobre el particular, la referida Sección 3.15 establece que:

*La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.*

### III.

En el caso que nos ocupa, por incidir directamente en nuestra jurisdicción para atender el recurso, nos corresponde resolver en primera instancia desde cuándo comenzó a decursar el término para acudir en Revisión Administrativa ante este Tribunal de Apelaciones. De una lectura del expediente ante nuestra consideración, podemos colegir que la Resolución de la cual se recurre fue notificada el 9 de mayo de 2025. Oportunamente, el 28 de mayo de 2025, el recurrente presentó una solicitud de reconsideración ante la recurrida. No obstante, ésta no se expresó en torno a dicha solicitud, por lo cual la misma se entiende rechazada de plano. Ante ello, el término para recurrir ante nos comenzó a decursar a partir del 13 de junio de 2025. En consecuencia, el recurrente tenía hasta el 13 de julio de 2025 para presentar el Recurso de Revisión Administrativa. Sin embargo, no

fue hasta el 16 de septiembre de 2025, recibido el 25 de septiembre de 2025, que el recurrente compareció ante nos mediante el presente recurso de Revisión Administrativa. En consecuencia, este Tribunal no tiene jurisdicción sobre el mismo ante su presentación tardía.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte del presente dictamen, *desestimamos* el recurso de Revisión Administrativa por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones