Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ÁNGEL LUIS RESTO PÉREZ, LYDIA MARGARITA RESTO PÉREZ Y RUFINO RESTO PÉREZ<br>Recurridos<br><br>v.<br><br>WILMA R. RAMIÍREZ RIVERA Y MIGUEL PLAZA<br>Peticionarios | KLCE202400046 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso número: CY2022CV00110<br><br>Sobre: DESAHUCIO PRECARIO |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 25 de enero de 2024.

Comparece ante *nos*, Wilma R. Ramírez Rivera y Miguel Plaza (en conjunto, la parte peticionaria) y nos solicitan que revisemos la *Minuta* emitida el 7 de septiembre de 2023 y notificada el 12 de septiembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante dicha *Minuta*, el TPI determinó que el caso no debía ser resuelto mediante el mecanismo de sentencia sumaria y entre otras cosas, concedió un término de noventa (90) días para presentar una tasación. Además, las partes recurren de una *Orden* emitida el 5 de diciembre de 2023 y notificada el 12 de diciembre de 2023, mediante la cual dio por cumplida la *Orden* emitida en la mencionada *Minuta*, relacionada con la tasación.

Por los fundamentos que se exponen a continuación, se *desestima* el *Recurso de Certiorari* por falta de jurisdicción.

**I.**

Surge del expediente ante *nos* que, el 28 de marzo de 2022, Ángel Luis Resto Pérez, Lydia Margarita Resto Pérez y Rufino Resto Pérez (en conjunto, la parte recurrida) presentaron una *Demanda de*

Número Identificador

RES2024 _____

*Desahucio* en contra de la parte peticionaria. Posteriormente, el 18 de mayo de 2022, la parte peticionaria presentó una *Contestación a la Demanda.* Consecuentemente, el 30 de junio de 2022, la parte recurrida presentó una *Contestación a la Reconvención y Solicitud de Anotación de Rebeldía del Codemandado Miguel Plaza.* El 11 de agosto de 2022, el peticionario, Miguel Plaza, presentó una *Solicitud [sic] se Levante la Anotación de Rebeldía al Codemandado Miguel Plaza.*

Luego de varios trámites procesales, el 1 de marzo de 2023, la parte peticionaria presentó una *Moción de Sentencia Sumaria.* Subsiguientemente, el 9 de marzo de 2023, la parte recurrida presentó un *Escrito en Oposición a la Moción Radicada por los Codemandados el 1ro de marzo de 2023 y en Torno al Acuerdo de Transacción.* Así, el 22 de marzo de 2023, la parte peticionaria presentó una *Réplica de Parte Demandada a Escrito en Oposición […].*

El 7 de septiembre de 2023, se llevó a cabo una Vista sobre el estado de los procedimientos. El 12 de septiembre de 2023, fue transcrita la *Minuta* sobre la Vista de referencia y notificada a las partes. El 30 de noviembre de 2023, la parte peticionaria presentó una *Moción Sometiendo Tasación de la Parte Demandada.* Así, el 4 de diciembre de 2023, la parte recurrida presentó una *Moción en Cumplimiento de Orden […].* Oportunamente, el 5 de diciembre de 2023, el TPI emitió una *Orden* mediante la cual dio por cumplida la *Orden* del 7 de septiembre de 2023. Dicha *Orden* fue notificada el 12 de diciembre de 2023.

El 7 de diciembre de 2023, la parte peticionaria presentó una *Solicitud de Reconsideración a Minuta […].* El 12 de enero de 2024, la parte peticionaria presentó un *Recurso de Certiorari* ante este Tribunal y alegó la comisión de los siguientes errores:

Erró el Tribunal de Primera Instancia, al resolver que el derecho plasmado en Escritura Pública, número Tres, [3], del Tres, [3], de agosto del 2020, sobre "Dación en Pago", otorgada por Don Eladio Veguilla López como Cedente y Doña Wilma Rosa Ramírez, (La Demandada) como recipiente del derecho, por su prestación de servicios resulta inoficiosa.

Erró el Tribunal de Primera Instancia al determinar que La Solicitud de Sentencia Sumaria, a pesar de no ser controvertida eficientemente y en contrario, la parte demandada admitió sin reparos, la Escritura de Dación En Pago. Siendo sus mejores argumentos la preterición, de una heredera y ser esa heredera, parte indispensable en el derecho contractual, por mor de ser hija; y lesión a su derecho hereditario.

Erró el Tribunal de Primera Instancia, al resolver, no podía dejarse sin herencia, a un potencial heredero, y no hacerla parte indispensable del Negocio Jurídico plasmado en la escritura, de marras, 2 ante. Ello conforme a lo solicitado por la parte demandante, en su Réplica a nuestra Moción de Sentencia Sumaria y esbozado ante el tribunal en vista virtual Mediante Medios electrónicos.

Erró el Tribunal de Primera Instancia, al entender inoficiosa la "Dación En Pago" y determinar que la participación de los Herederos demandantes, son, en efecto acreedores al Ochenta y Tres, [83%] por ciento, del caudal existente. Por dicha vara, entonces la demandada, es acreedora al Diez y Siete [17%]. Además, debe satisfacer "Renta, desde el fallecimiento de las personas".

Erró el Tribunal de Primera Instancia al no exponer, ni verbal, ni por escrito, las bases en Hermenéutica jurídica, para determinar hechos y derechos aplicables al caso, al determinar que no era de aplicación la Solicitud de Sentencia Sumaria radicada por la demandada y Teniendo ante sí, réplica de la parte demandante, que, en efecto, sus únicas alegaciones fueron La falta de parte indispensable en las escrituras de Dación En Pago y el pago de "renta" por el uso del inmueble. Aun, cuando la parte demandante aceptó, la existencia de la escritura de Dación en Pago, como eficiente y sin reparos de esta. Simplemente oyó a la parte demandante, y sus planteamientos, más los de la parte demandada fueron desestimados de plano, simplemente entendimos, el señor Juez estableció que "no es así". Dándole la razón y avalando las contenciones de la demandante.

> **Erró el Tribunal de Instancia, al emitir Resolución, firmada por la Secretaria de Sala, en la que se resumió escuetamente, más o menos, lo que pronunció el Señor juez. "El tribunal", dice la minuta, "hace constar que este caso no se resuelve por sentencia sumaria, es un caso sencillo". Luego narra que el tribunal procede a "discutir con las partes" el procedimiento y el computo que hizo para esta determinación. Por otra parte, se resume dicha narrativa sobre la vista que "El licenciado Ríos entiende que es tribunal ha errado en su apreciación de la prueba porque hay una escritura de dación en pago". "El Licenciado Ríos solicita del tribunal haga determinaciones por escrito para recurrir". Finalmente, el tribunal hace constar que se necesita el valor de la propiedad y concede el término de 90 días para que cada parte produzca una tasación. Una vez se reciba la tasación, <u>se emitirá una orden para señalar una vista</u>. Todo en un lapso de tiempo en el cual no se consideró, realmente una cintila de la prueba, por ser considerado un caso sencillo. Así mismo se resumió la minuta.**

> **Erró el tribunal al no atender Moción de Reconsideración de la parte demandada del 7 de diciembre del 2023, entrada 59, del Registro, en la cual exponemos, a nuestro mejor juicio, todas las alegaciones y jurisprudencia suficiente, aplicable al caso, respecto al Derecho hereditario, posible, así como el derecho contractual del caso. Todo amparado en los hechos y la evidencia disponible por no existir resolución informada firmada por el Señor juez; salvo la orden a las partes a someter Tasaciones del inmueble en 90 días. Siendo su última Resolución Firmada el 12 de diciembre del 2023, entrada 60, del registro, luego las partes sometieran las tasaciones a la consideración del tribunal, en la cual, solamente dice: "Se da por cumplida".**

## II.

### A. Certiorari

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205

DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News,*

151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918.

Sin embargo, la jurisdicción para atender el auto está atada, entre otras cosas, a la fecha de su presentación. A estos efectos, la Regla 32(D) del Reglamento de este Tribunal dispone que "[e]l

recurso de certiorari para revisar cualquier otra resolución u orden [...] del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida". Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Este término es de cumplimiento estricto. Íd.; *Pueblo v. Román Feliciano*, 181 DPR 679, 690 (2011).

### B. La jurisdicción

La jurisdicción es el poder de un tribunal para considerar y decidir casos y controversias. *MCS Advantage Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023). Véase, además, *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586 (2021).

Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y que no contamos discreción para asumir jurisdicción donde no la tenemos. *Allied Management Group Inc. v. Oriental Bank*, 204 DPR 374 (2020); *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 104-105 (2013). Asimismo, nuestro más alto Foro ha reiterado que la ausencia de jurisdicción no puede ser subsanada por las partes. *Allied Management Group Inc. v. Oriental Bank, supra.* Es por ello, que las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y deben atenderse con primacía. Íd.

Así pues, "[u]na sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente". *Allied Management Group Inc. v. Oriental Bank, supra.* A causa de ello, cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata

desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. Íd.

Consecuentemente, si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz, supra.* La presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Así, la desestimación de un recurso tardío es final, por lo que priva fatalmente a la parte de presentarlo nuevamente, ante cualquier Foro.

Lo determinante para concluir si un recurso es tardío, es su fecha de presentación. *Pueblo v. Rivera Ortiz, supra*; *Mun. de Rincón v. Velázquez Muñiz,* 192 DPR 989,1018 (2015). Por lo tanto, se debe cumplir estrictamente todo el procedimiento para apelar o de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto. *Pueblo v. Rivera Ortiz,* supra; *Pueblo v. Prieto Maysonet,* 103 DPR 102, 105 (1974).

Cónsono con lo anterior, la Regla 83 (B) (1) y (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, nos faculta a desestimar, *motu proprio,* un recurso por falta de jurisdicción. *Yumac Home v. Empresas Massó, supra*; *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012).

### C. Reconsideración

Es norma reiterada que "los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o *motu proprio,* siempre que, al actuar de esa manera, todavía conserven jurisdicción sobre el caso". *División de Empleados Públicos v. CEMPR,* 2023 TSPR 107, 212 DPR ___ (2023). Véase, además, *Pueblo v. Román Feliciano,* 181 DPR 679 (2011); *Interior Developers v. Mun. de San Juan,* 177 DPR 693 (2009). Así, la moción

de reconsideración es el mecanismo que provee nuestro ordenamiento para permitir que un tribunal modifique su fallo y enmiende o corrija los errores en que haya incurrido. *División de Empleados Públicos v. CEMPR, supra.* Dicho mecanismo procesal está regido por la Regla 47 de Procedimiento Civil (32 LPRA Ap. V) y dispone que:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir. Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.

Así pues, ante una determinación del Tribunal de Primera Instancia las partes cuentan con un término de quince (15) días desde la fecha de la notificación para presentar la moción de reconsideración. Regla 47 de Procedimiento Civil, *supra.* Este término es de carácter jurisdiccional cuando se solicita la reconsideración de una sentencia. Íd. Por otro lado, el término de quince (15) días para presentar la reconsideración de una

determinación interlocutoria, ya sea una resolución u orden, es a su vez de cumplimiento estricto. Íd.

Es importante resaltar que los términos dispuestos en la Regla 47 de Procedimiento Civil, *supra,* y en la Regla 52.2 de Procedimiento Civil (32 LPRA Ap. V), para recurrir al Tribunal de Apelaciones, inician simultáneamente con la notificación de la determinación de la cual se busca la reconsideración o revisión en alzada. Véase, *División de Empleados Públicos v. CEMPR, supra.* Sin embargo, las Reglas 47 y 52.2 de Procedimiento Civil*, supra,* disponen que la solicitud de reconsideración tiene el efecto de paralizar los términos para acudir en revisión al Tribunal de Apelaciones. Por consiguiente, "[d]e presentarse un recurso de apelación antes de que el Tribunal de Primera Instancia disponga de esa moción, este sería prematuro, por lo que el foro apelativo intermedio carecería de jurisdicción para atenderlo". *División de Empleados Públicos v. CEMPR, supra.*

### III.

Según surge del tracto procesal que antecede, el 1 de marzo de 2023, la parte peticionaria presentó una *Moción de Sentencia Sumaria.* Consecuentemente, el 9 de marzo de 2023, la parte recurrida presentó un *Escrito en Oposición a la Moción Radicada por los Codemandados el 1ro de marzo de 2023 y en Torno al Acuerdo de Transacción.* Así las cosas, el 7 de septiembre de 2023, el foro recurrido llevó a cabo una Vista sobre el estado de los procedimientos. Acto seguido, se transcribió la *Minuta* de la Vista celebrada el 7 de septiembre de 2023 y, en consecuencia, el 12 de septiembre de 2023, se les notificó a las partes a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Surge de la *Minuta* del 7 de septiembre de 2023, que el foro de instancia hizo constar que el caso no debía resolverse por sentencia

sumaria y explicó la razón a las partes. Además, surge de la *Minuta* que el foro recurrido concedió a las partes un término de noventa (90) días para que cada parte produjera una tasación.

El 30 de noviembre de 2023, la parte peticionaria presentó una *Moción Sometiendo Tasación de la Parte Demandada.* El 4 de diciembre de 2023, la parte recurrida presentó una *Moción en Cumplimiento de Orden.* Consecuentemente, el 5 de diciembre de 2023, el TPI emitió una *Orden,* notificada el 12 de diciembre de 2023, mediante la cual dio por cumplida la *Orden* del 7 de septiembre de 2023.

El 7 de diciembre de 2023, la parte peticionaria presentó una *Solicitud de Reconsideración a Minuta [...].* El 12 de enero de 2024, la parte peticionaria presentó el *Recurso de Certiorari* que nos ocupa.

De una lectura minuciosa del expediente ante *nos*, así como, del expediente del SUMAC y la *Minuta* del 7 de septiembre de 2023, se desprende que no albergamos jurisdicción para atender el recurso de epígrafe. Aun cuando en la primera página del recurso, la parte peticionaria esbozó que recurría de la *Orden* emitida por el TPI el 5 de diciembre de 2023 y notificada el 12 de diciembre de 2023, al analizar el recurso surge claramente, tanto de los errores señalados como del análisis, que la intención de la parte peticionaria es que revisemos la *Minuta* emitida el 7 de septiembre de 2023, en la cual se denegó la solicitud de sentencia sumaria.

Así, la parte peticionaria intentó recurrir de la *Orden* emitida el 5 de diciembre de 2023, mediante el cual el foro de instancia dio por cumplida la *Orden* del 7 de septiembre de 2023, sin hacer ningún pronunciamiento específico en derecho. Indudablemente, la parte peticionaria recurrió de la *Minuta* del 7 de septiembre de 2023, cuyo término estaba vencido. Es decir, si la parte peticionaria estaba inconforme con la determinación que el TPI hizo en la Vista sobre el

estado de los procedimientos y que recogió en la *Minuta,* tenía que presentar la solicitud de reconsideración dentro del término de quince (15) días desde que se le notificó la misma o en la alternativa, recurrir ante este Tribunal en el término de treinta (30) días dispuesto en nuestro ordenamiento jurídico.

Al presentarse el recurso de *certiorari* el 12 de enero de 2024, este es tardío, pues la *Solicitud de Reconsideración a Minuta […],* que presentó la parte peticionaria el 7 de diciembre de 2023, no paralizó el término para acudir en revisión al Tribunal de Apelaciones.

Además, es pertinente puntualizar que, a la fecha de la presentación del recurso de epígrafe, el TPI no había hecho pronunciamiento alguno con relación a la solicitud de reconsideración que presentó la parte peticionaria ante su consideración. Por lo tanto, de haberse presentado la solicitud de reconsideración a tiempo, lo que no ocurrió, tampoco tendríamos jurisdicción por ser el recurso uno prematuro.

**IV.**

Por los fundamentos antes expuestos, se *desestima* el *Recurso de Certiorari* por tardío. Se devuelve el caso al foro de instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones