ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **IRIS MULERO RIVERA**<br>DEMANDANTE(S)-APELANTE(S)<br><br>V.<br><br>**FARMACIA NIEVES, ACME**<br>DEMANDADA(S)-APELADA(S) | **KLAN202400403** | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMÓN**<br><br>Caso Núm.<br>**BY2022CV05274 (403)**<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 31 de julio de 2024.

Comparece ante este Tribunal de Apelaciones, la señora **IRIS MULERO RIVERA** (señora **MULERO RIVERA**) mediante escrito intitulado *Moción Urgente de Certiorari* incoada el 23 de abril de 2024. En su escrito, nos solicita que revisemos la *Sentencia* decretada el 14 de marzo de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón.[1] Mediante dicha decisión, el foro apelado desestimó, con perjuicio, la *Demanda* fundamentado en que no encontró prueba de negligencia que le pueda ser atribuible a la **FARMACIA NIEVES**. Además, concedió las costas y los gastos.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

---

[1] Este dictamen judicial fue notificado y archivado en autos el 18 de marzo de 2024. Apéndice de la *Moción Urgente de Certiorari,* págs. 1- 6.

- I -

El 18 de octubre de 2022, la señora **MULERO RIVERA** interpuso *Demanda* sobre daños y perjuicios.[2] En su reclamación, alegó que el 9 de septiembre de 2022, sufrió una caída en las facilidades del estacionamiento de la **FARMACIA NIEVES.** Ello cuando procuraba acudir a la oficina del doctor Juan Echeandía, para buscar un referido. Ese mismo día, se expidió el emplazamiento dirigido a **JOHN DOE H/N/C FARMACIA NIEVES**.[3]

El 18 de noviembre de 2022, la **FARMACIA NIEVES** presentó *Moción Anunciando Representación Legal y en Solicitud de Breve Prórroga para Alegar*.[4] Días después, el 21 de noviembre de 2022, el foro primario dictó *Orden* concediendo término de treinta (30) días para presentar su alegación responsiva.[5] Así las cosas, el 15 de diciembre de 2022, la **FARMACIA NIEVES** presentó su *Contestación a Demanda* conteniendo sus defensas afirmativas.[6]

Al día siguiente, el 16 de diciembre de 2022, se emitió *Orden Inicial sobre Manejo de Caso*.[7] Por ende, el 13 de febrero de 2023, la señora **MULERO RIVERA** y **FARMACIA NIEVES** presentaron el *Formulario de Informe para el Manejo de Caso*.[8]

Luego de varios trámites legales, el 5 de julio de 2023, se dictaminó *Orden* concediendo término a las partes para presentar el *Informe de Conferencia con Antelación al Juicio* e informar si llegaron a un acuerdo.[9] El 11 de julio de 2023, las partes presentaron el *Informe sobre Conferencia con Antelación al Juicio*.[10] Al otro día, el 12 de julio de 2023, se celebró la conferencia con antelación al juicio; se pautó juicio en su fondo para el 26 de

---

[2] Apéndice del *Alegato en Oposición a Apelación,* págs. 1- 3.
[3] El 20 de octubre de 2022, el emplazamiento fue diligenciado.
[4] Entrada núm. 7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Entrada núm. 8 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[6] Apéndice del *Alegato en Oposición a Apelación,* págs. 4- 6.
[7] Entrada núm. 11 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[8] Entrada núm. 12 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC)..
[9] Entrada núm. 15 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[10] Apéndice del *Alegato en Oposición a Apelación,* págs. 7- 34.

octubre de 2023; y se autorizó la comparecencia virtual del doctor Omar Gómez, perito de la señora **MULERO RIVERA**.[11]

Tiempo después, el 16 de octubre de 2023, la señora **MULERO RIVERA** presentó *Moción Sometiendo Evidencia para el Juicio en su Fondo* acompañada del *Independent Medical Examination (Informe Pericial)*; fotografía del lugar de los hechos; y transcripción de deposición tomada a la señora **MULERO RIVERA**.[12] El 20 de octubre de 2023, la señora **MULERO RIVERA** presentó *Moción Informativa sobre Estipulación de Prueba Pericial.*[13] En su moción, expuso que las partes habían acordado que el doctor Gómez declararía sobre el contenido de su informe pericial en el juicio; ese documento se había unido al expediente; y solicitaron que se excusara al doctor Gómez de comparecer al juicio. A estos efectos, el 23 de octubre de 2023, se intimó *Orden* tomando conocimiento de la estipulación y excusando al doctor Gómez (perito) de comparecer al juicio en su fondo.[14]

El 26 de octubre de 2023, se celebró el juicio en su fondo, y luego de desfilada la prueba testifical y documental, el tribunal dio por sometido el caso para su adjudicación. Posteriormente, el 14 de marzo de 2024, el foro primario pronunció la *Sentencia* apelada.

Insatisfecha, la señora **MULERO RIVERA** presentó su *Reconsideración*.[15] El 8 de abril de 2024, la **FARMACIA NIEVES** presentó su *Moción en Oposición a Reconsideración*.[16] En la misma fecha, se dictó *Resolución* declarando no ha lugar la reconsideración.[17]

---

[11] En dicha audiencia, se acogió el *Informe de Conferencia con Antelación al Juicio* según discutido y como acta que regiría los procedimientos. Entradas núm. 19 y 20 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[12] Entrada núm. 21 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[13] Entrada núm. 23 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[14] Entrada núm. 24 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[15] Apéndice de la *Moción Urgente de Certiorari*, págs. 7- 11.

[16] Apéndice del *Alegato en Oposición a Apelación,* págs. 43- 47.

[17] Apéndice de la *Moción Urgente de Certiorari*, pág. 12.

Inconforme aún, el 23 de abril de 2024, la señora **MULERO RIVERA**, por derecho propio, acudió ante este foro revisor, mediante *Moción Urgente de Certiorari*.

El 29 de abril de 2024, prescribimos *Resolución* concediendo, entre otras cosas, un término de treinta (30) días a las partes codemandadas **FARMACIA NIEVES** y **ACME** para presentar su alegato en oposición. El 10 de mayo de 2024, **FARMACIA NIEVES** presentó su *Moción de Desestimación de Recurso de Apelación por Falta de Jurisdicción*. El 13 de mayo de 2024, la señora **MULERO RIVERA** presentó *Moción Urgente Informativa*. Un día después, se dispuso *Resolución* declarando no ha lugar la solicitud de desestimación presentada por **FARMACIA NIEVES** y concediéndole término hasta el 29 de mayo de 2024 para presentar alegato en oposición. El 20 de mayo de 2024, **FARMACIA NIEVES** presentó *Solicitud de Prórroga de Treinta (30) Días para Presentar Alegato en Oposición*. Ante esta situación, el 22 de mayo de 2024, se emitió *Resolución* declarando ha lugar la solicitud de prórroga, y se concedió un plazo final de veinte (20) días. Finalmente, el 10 de junio de 2024, **FARMACIA NIEVES** presentó su *Alegato en Oposición a Apelación* en el cual expuso que la señora **MULERO RIVERA** no había incluido señalamientos de error en su escrito.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A -

Toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección.[18] Dada esta circunstancia, en lo pertinente, la Regla 42.2 de las de Procedimiento Civil de 2009 decreta que "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que

---

[18] *López García v. López García*, 200 DPR 50, 59 (2018).

sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos".[19]

Igualmente, la Regla 110 de Evidencia, sobre evaluación y suficiencia de la prueba, dispone que "[l]a juzgadora o el juzgador de hechos deberá evaluar la evidencia presentada con el propósito de determinar cuáles hechos han quedado establecidos o demostrados".[20] Consiguientemente, es norma reiterada que cuando se le solicita a un foro apelativo que revise cuestiones de hechos, la apreciación de la prueba, en primera instancia, le corresponde al tribunal sentenciador dado que estos tienen la oportunidad de observar y escuchar a los testigos, y por ello, están en mejor posición de evaluarla.[21] Por ello, la evaluación del foro sentenciador merece respeto y deferencia.[22]

En consecuencia, el Tribunal de Apelaciones acepta como correctas las determinaciones de hechos de los tribunales inferiores, así como su apreciación sobre la credibilidad de los testigos y el valor probatorio de la prueba desfilada en sala.[23] Toda vez que es al juez de instancia a quien le corresponde adjudicar credibilidad y determinar lo que verdaderamente ocurrió conforme a la prueba desfilada mediante la observación del comportamiento del testigo durante su testimonio y escuchar su voz.[24] "[L]a intervención del foro apelativo con esa prueba tiene que estar basada en un análisis independiente de la prueba desfilada y no a base de los hechos que exponen las partes".[25] Una de las razones por la cual goza de la presunción de corrección el foro de instancia es que el tribunal intermedio cuenta con "récords mudos e inexpresivos".[26]

Cuando una de las partes, señale errores que cuestionen la apreciación o suficiencia de la prueba testifical o documental, tiene que colocar al

---

[19] 32 LPRA Ap. V, 42.2.
[20] 32 LPRA Ap. VI.
[21] *Pueblo v. Acevedo Estrada*, 150 DPR 84, 98-99 (2000).
[22] *González Hernández v. González Hernández*, 181 DPR 746, 776 (2011).
[23] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).
[24] *Id.*
[25] *Hernández v. San Lorenzo Const.*, 153 DPR 405, 425 (2001).
[26] *Trinidad v. Chade*, 153 DPR 280, 291 (2001).

tribunal revisor en tiempo y espacio de lo que sucedió ante el tribunal primario. Algunas de las herramientas para la reproducción de prueba oral que brinda el Reglamento del Tribunal de Apelaciones para llevar a cabo dicha encomienda son: (1) transcripción de la prueba, (2) exposición estipulada o (3) exposición narrativa.

La Regla 19 del Reglamento del Tribunal de Apelaciones, en su inciso (A), instituye que "[c]uando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba".[27] Su inciso (B) dispone que una parte apelante tiene un término de diez (10) días siguientes a la presentación del recurso, para acreditar que el método de reproducción de la prueba oral seleccionado favorece la rápida solución del caso. Es importante destacar que es imprescindible que los recursos presentados cumplan rigurosamente con las disposiciones reglamentarias del Tribunal de Apelaciones.[28]

Por otro lado, la Regla 76 del Reglamento del Tribunal de Apelaciones, instaura:

> (A) Transcripción de la prueba oral en recursos de apelación y de *certiorari*
> Una parte en una apelación o en un recurso de *certiorari* ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones **no más tarde de diez días desde que se presentó el escrito de apelación** o se notificó la expedición del auto solicitado, que se propone transcribir la prueba oral. En esa moción, la parte proponente expresará las razones por las cuales considera que la transcripción es indispensable y que propicia mayor celeridad en los procesos que la presentación de una exposición estipulada o una exposición narrativa. En todo caso, la parte proponente identificará en la moción las porciones pertinentes del récord ante

---

[27] 4 LPRA Ap. XXII-B. La Regla 19 sobre *Reproducción de la Prueba Oral* expresa: (A) Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba. (B) La parte apelante deberá acreditar, dentro del término de diez días siguientes a la presentación de la apelación, que el método de reproducción de la prueba oral que utilizará es el que propicia la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos. (C) El tribunal podrá imponer costas y sanciones a la parte o a su abogado o abogada de determinar que obstaculizaron el logro de la reproducción de la prueba oral y ocasionaron retraso en cuanto a la solución del recurso. Asimismo, podrá imponer sanciones a cualquier parte o a su abogado en los casos en que intencionalmente se le haya hecho una representación incorrecta al Tribunal de Apelaciones sobre el contenido de la prueba testifical.
[28] *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).

el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.
(B) Transcripción por transcriptor privado autorizado o transcriptora privada autorizada
Autorizada la transcripción, su proponente podrá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos. La moción a esos efectos será presentada dentro de los diez días siguientes a la notificación de la orden del Tribunal de Apelaciones. [...]

Así, los foros apelativos podremos intervenir con la apreciación de la prueba cuando exista error manifiesto, pasión, prejuicio, parcialidad o cuando un análisis integral, detallado y minucioso de la prueba así lo justifique.[29] Esto sin olvidar que "la intervención indiscriminada con la adjudicación de credibilidad que se realiza a nivel de instancia, significaría el caos y la destrucción del sistema judicial existente en nuestra jurisdicción".[30] El peso para rebatir la presunción de corrección que tienen las actuaciones de los tribunales de instancia le corresponde a la parte que la cuestiona.[31]

El Tribunal Supremo ha señalado que "[l]os tribunales de mayor jerarquía no pueden cumplir a cabalidad su función revisora sin que se le produzca mediante, alguno de estos mecanismos, la prueba que tuvo ante sí el foro primario".[32]

- III -

En el presente caso, la señora **MULERO RIVERA** expuso en su conclusión del recurso que "no fue otorgada la demanda porque tienen dudas, de que es imposible que yo no maniobrara para estacionarme, que no tocara el muro (bumper) y no lo viera, que no había tocado mi carro. La parte demandada (Farmacia Nieves) desde el día uno, tiene el video del accidente ocurrido, 9 septiembre del 2023, donde muestra los detalles de mi accidente en estacionamiento de la Farmacia Nieves. Y lo más contundente muestra al

---

[29] *Pueblo v. Casillas, Torres*, 190 DPR 398, 426 (2014); *González Hernández v. González Hernández, supra*, pág. 777.
[30] *Pueblo v. Toro Martínez*, 200 DPR 834, 863 (2018).
[31] *Pueblo v. Prieto Maysonet*, 103 DPR 102, 107 (1974).
[32] *Id.*

dedillo que todo lo que verbalice en el juicio y lo que estoy escribiendo en este informe o mociones fue lo que ocurrió".[33]

Este señalamiento versa sobre la suficiencia o apreciación de la prueba efectuada por el tribunal de instancia. En conformidad con el derecho reseñado, la señora **MULERO RIVERA** tenía un plazo de diez (10) días, siguientes a la presentación del recurso, para acreditar el método de reproducción de la prueba oral. La señora **MULERO RIVERA** no solicitó ni presentó una transcripción, exposición estipulada o exposición narrativa de la prueba desfilada en la audiencia celebrada el 26 de octubre de 2023 ante el foro primario.

Como resultado, en ausencia de dicha transcripción, exposición estipulada o exposición narrativa, no podemos evaluar cómo el Tribunal de Primera Instancia aquilató y apreció la prueba para desestimar la reclamación sobre daños. Ello implica que no podemos cumplir a cabalidad nuestra función revisora. En conclusión, la señora **MULERO RIVERA** no rebatió la presunción de validez y corrección de la decisión judicial, y sólo resta darle deferencia a lo resuelto por el Tribunal de Primera Instancia.

- IV -

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia* expedida el 14 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[33] Se desprende del *Informe sobre Conferencia con Antelación al Juicio* que la señora **MULERO RIVERA** anunció como su única prueba documental el informe pericial del doctor Omar Gómez y una fotografía del lugar de los hechos. Así como, de la *Minuta* y el *Registro General de Evidencia Presentada* que las partes estipularon el informe pericial del doctor Omar Gómez; fotografía del área del accidente; y captura de pantalla de las marcas en fotos realizadas por la señora **MULERO RIVERA.**