ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| MYRTA F. ORTIZ SALCEDO<br><br>Recurrente<br><br>V.<br><br>JUNTA DE RETIRO; SISTEMA DE RETIRO UNIVERSIDAD DE PUERTO RICO<br><br>Recurridos | KLRA202400450 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Retiro, Sistema de Retiro de Universidad de Puerto Rico<br><br><br>Caso Núm.: E-2023-14 |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de septiembre de 2024.

Comparece la parte recurrente, Myrta F. Ortiz Salcedo, y nos solicita que revoquemos una resolución de la Junta de Retiro de la Universidad de Puerto Rico. Mediante dicha Resolución, la parte recurrida decretó No Ha Lugar a la Apelación de la recurrente y reiteró la determinación del Sistema de Retiro de la UPR, en cuanto a su Solicitud de Pensión por Edad y Años de Servicios.

Por las razones que expondremos a continuación, desestimamos el recurso por falta de jurisdicción por tardío.

**I.**

Según surge del expediente del caso ante nuestra consideración, el 29 de noviembre de 2022, la recurrente presentó Solicitud de Pensión por Edad y Años de Servicio ante el Sistema de Retiro de la Universidad de Puerto Rico. La recurrente informó como fecha de su retiro el 31 de diciembre de 2022. Así las cosas, el Sistema de Retiro de la Universidad de Puerto Rico notificó a la recurrente la aprobación de su solicitud efectivo el 1 de enero de

Número Identificador

SEN2024_____

2023, fecha a partir de la cual comenzaría a recibir su anualidad de veinte mil ciento treinta y tres dólares con setenta y dos centavos ($20,133.72).

Inconforme, el 15 de mayo de 2023, la recurrente presentó un escrito de apelación ante la Junta de Retiro de la Universidad de Puerto Rico. Así las cosas, luego de examinar el expediente del caso, la Junta de Retiro de la Universidad de Puerto Rico emitió una Resolución Sumaria confirmando la determinación del Sistema de Retiro, archivada en autos el 3 de julio de 2024[1].  En desacuerdo, el 15 de agosto de 2024, la recurrente compareció ante nos mediante el presente recurso de Revisión Administrativa y alegó que no se cumplió con el debido proceso de orientación e información que tiene derecho todo trabajador de la Universidad de Puerto Rico que aporta de su salario para poder tener un retiro digno.

**II.**

**A.  La jurisdicción**

La *jurisdicción* es el poder de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022); *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022); *Pérez et al. v. Lares Medical et al.*, 207 DPR 965 (2021); *Cancel Rivera v. González Ruiz*, 200 DPR 319, 329 (2018).

Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y que no contamos discreción para asumir jurisdicción donde no la tenemos. *Pueblo v. Ríos Nieves*, supra; *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 104-105 (2013). Asimismo, nuestro más alto Foro ha reiterado que la ausencia de jurisdicción no puede ser subsanada por las partes. *Íd.* Es por ello, que las

---

[1]Del expediente no surge si la fecha del depósito en correo de la Resolución fue posterior, la recurrente se limita a alegar que la misma fue recibida el 6 de julio de 2024.

cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. *Íd.*

Si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz,* supra; *Pueblo v. Ríos Nieves,* supra. La presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* supra*; Pueblo v. Ríos Nieves,* supra; *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Así pues, la desestimación de un recurso tardío es final, por lo que priva fatalmente a la parte de presentarlo nuevamente, ante cualquier Foro.

Lo determinante para concluir si un recurso es tardío, es su fecha de presentación. *Pueblo v. Rivera Ortiz,* supra; *Pueblo v. Ríos Nieves,* supra; *Mun. de Rincón v. Velázquez Muñiz y otros,* 192 DPR 989, 1018 (2015). Consecuentemente, se debe cumplir estrictamente todo el procedimiento para apelar o; de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto. *Pueblo v. Rivera Ortiz,* supra; *Pueblo v. Ríos Nieves,* supra; *Pueblo v. Prieto Maysonet,* 103 DPR 102, 105 (1974).

Cónsono con lo anterior, la Regla 83 (B) (1) y (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83 (B) (1) y (C), nos faculta a desestimar, *motu proprio,* un recurso por falta de jurisdicción. *Pueblo v. Ríos Nieves,* supra; *Yumac Home v. Empresas Massó,* supra; *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012).

**B.  La presentación del recurso de revisión**

Conforme dispone nuestro ordenamiento jurídico, el perfeccionamiento de un recurso de revisión está regulado por la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57.  A esos efectos, la Regla 57 establece el término para

presentar el recurso de revisión. Sobre el particular, dispone que el escrito inicial de revisión **deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.**

Así pues, estas disposiciones reglamentarias deben observarse rigurosamente para el correcto perfeccionamiento de los recursos. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Como axioma de ese principio, es harto conocido que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987).

**C. El pago de aranceles en la presentación de los recursos**

Entre las condiciones dispuestas en nuestro ordenamiento jurídico para perfeccionar cualquier recurso, se encuentra el pago de los aranceles de presentación. En esencia, el requisito de pagar esos aranceles y de adherir los sellos de rentas internas a todo escrito judicial busca cubrir los gastos asociados a los trámites judiciales. Gran Vista *Gran Vista I v. Gutiérrez y otros,* 170 DPR 174,188 (2007).

Sobre la validez de un documento judicial que no se adhieren los sellos de rentas internas, la Ley Núm. 17 del 11 de marzo de 1915, según enmendada, establece que serán nulos todos los documentos judiciales que por dicha ley deben llevar sellos de rentas

internas, a menos que éstos se adhieran a los referidos documentos judiciales.  32 LPRA sec. 1481.  Además, el Tribunal Supremo de Puerto Rico ha establecido en repetidas ocasiones que es nulo e ineficaz un escrito judicial al cual no se le han adherido los correspondientes sellos de rentas internas. *Gran Vista I v. Gutiérrez y otros,* supra, pág. 186.

No obstante, lo anterior, la regla general que dispone la nulidad de los escritos judiciales presentados sin pagar los aranceles correspondientes tiene excepciones. *M-Care Compounding et al. v. Depto. De Salud*, 186 DPR 159, 176 (2009).  En primer lugar, la propia ley reconoce como excepción que una persona indigente queda exenta del pago de aranceles.  Además, nuestra jurisprudencia ha reconocido que, si una persona solicita por primera vez en la etapa apelativa que se le permita litigar como indigente, sin que medie fraude o colusión de su parte, y el tribunal rechaza su petición, no se desestimará su recurso si presenta los aranceles correspondientes después de vencido el plazo apelativo, una vez se deniega la solicitud para litigar en forma *pauperis.*

Igualmente, se ha reconocido como excepción cuando la deficiencia arancelaria ocurre sin intervención de la parte ni intención de defraudar, sino por inadvertencia de un funcionario judicial, que acepta por equivocación un escrito sin pago alguno o por una cantidad menor de los aranceles que corresponden.  Por último, tampoco es nulo el escrito judicial si la insuficiencia se debió a las instrucciones erróneas del Secretario del tribunal, sin intervención de la parte, colusión o intención de defraudar.  En cambio, cuando el error en el pago de aranceles se debe a la parte o su abogado, no se reconoce excepción a la nulidad. *M-Care Compounding et al. v. Depto. De Salud,* supra, pág. 177.

En atención a lo anterior y cumplimiento con la facultad conferida por la Ley Núm. 47 de 30 de julio de 2009, según

enmendada, el Tribunal Supremo de Puerto Rico, mediante su Resolución ER-2015-1, estableció que por cada escrito de Revisión de Decisiones Administrativas en el Tribunal de Apelaciones es requisito cancelar un arancel de ciento dos dólares ($102.00). Véase: *In re Aprob. Derechos Arancelarios RJ,* 192 DPR 397, 398 (2015).

### III.

Como cuestión de umbral, este tribunal intermedio tiene la obligación de auscultar nuestra jurisdicción para atender el recurso de revisión administrativa presentado. Un examen cuidadoso del expediente judicial ante esta Curia demuestra que la parte peticionaria incumplió con el pago del arancel requerido para la presentación y perfeccionamiento del presente recurso de revisión dentro del término jurisdiccional de treinta (30) días.

La Resolución de la cual se recurre fue archivada en autos el 3 de julio de 2024. El recurso ante *nos* fue presentado en la Secretaría de este Tribunal sin el pago de los aranceles correspondientes el 5 de agosto de 2024. Ante ello, la Secretaría del tribunal no aceptó el documento y notificó la deficiencia en el pago de aranceles el 7 de agosto de 2024. Sin embargo, no fue hasta el 15 de agosto de 2024, que se pagó el correspondiente arancel, por lo que se entiende que la fecha de presentación fue el 15 de agosto de 2024.

Por lo tanto, el recurso fue presentado pasados los treinta (30) días jurisdiccionales que dispone la Regla 57 de nuestro reglamento y no se encuentra presente ninguna de las excepciones a la nulidad reconocidas en nuestro ordenamiento jurídico. En consecuencia, procede la desestimación del recurso por falta de jurisdicción.

**IV**

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, desestimamos el recurso de revisión por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez disiente sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones